UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ex. Rel. JEANNE HERRINGTON,

on behalf of Karl of the Family
of Herrington,
               Petitioner,

                                               CIVIL NO. 2:11-CV-12764
v.                                      HONORABLE SEAN F. COX
                                               UNITED STATES DISTRICT COURT

BENNY NAPOLEON,

               Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR WRIT
OF HABEAS CORPUS, AND DENYING (2) A CERTIFICATE OF APPEALABILITY,
AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS**

      Jeanne Herrington, ("Petitioner"), presently incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus. In her *pro se* application, petitioner seeks habeas relief on behalf of family member Karl Herrington, claiming that he is being held unlawfully by respondent at the Wayne County Jail after being unlawfully arrested on or about May 25, 2011. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

      Petitioner claims that Karl Herrington is a member of her family, although she does not specify the nature of their relationship. Petitioner claims that on or about May 25, 2011, Karl Herrington was unlawfully arrested in violation of his Fourth Amendment rights. Petitioner does not indicate what crimes that Karl Herrington has been charged with or what court that he has been charged in, but she claims that the criminal complaint is defective and that the state court

lacks jurisdiction over Karl Herrington's case. Petitioner seeks Karl Herrington's release from incarceration.

## II. Discussion

The instant petition is subject to dismissal for several reasons.

First, Jeanne Herrington lacks standing to file a habeas petition on behalf of Karl Herrington, because she has failed to demonstrate that it is necessary for her to represent Karl Herrington in federal court. An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First, "a 'next friend' must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Secondly, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*. Restrictions have been imposed upon whom may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164. Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish the propriety of his status to justify the court's jurisdiction. *See Franklin v. Francis*, 144 F. 3d 429, 432 (6th Cir. 1998).

Petitioner is not entitled to maintain a "next friend" action on behalf of Karl Herrington

because she has failed to allege or present evidence that he is incompetent or incapable of bringing a habeas petition on his own behalf, nor has petitioner established that she is truly dedicated to Karl Herrington's best interests. *See Tate v. U.S.,* 72 Fed. Appx. 265, 267 (6th Cir. 2003).

Moreover, assuming that petitioner had standing to bring this petition, it is nonetheless subject to dismissal, because it does not appear that Karl Herrington has been convicted of any criminal charges in this case. In the absence of "special circumstances", federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *see also Hoard v. State of Michigan*, No. 2005 WL 2291000, *1 (E.D. Mich. September 19, 2005). Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F.

Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008). Petitioner does not allege that the pending prosecution violates Karl Herrington's rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pretrial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 547. Petitioner does not allege that Karl Herrington's speedy trial rights have been violated.

With respect to any Fourth Amendment challenges to the arrest or to the search and seizure in this case, Karl Herrington would not be entitled to prejudgment habeas relief, because he will have an opportunity to raise objections to his arrest or to any searches by the police in the state trial court. *See United States ex. rel. Hill v. Hendricks,* 321 F. Supp. 300, 302 (E.D. Pa. 1970). Likewise, petitioner's claim that there is insufficient evidence to support charging Karl Herrington or that the trial court lacks jurisdiction over his case can be effectively vindicated in the state courts to preclude Karl Herrington from obtaining prejudgment habeas relief. *See Hirsch v. Smiley,* 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999).

Accordingly, the Court will deny the habeas petition without requiring respondent to answer, because it appears from the application that Karl Herrington is not entitled to habeas

relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma*

*pauperis.*

Dated: August 8, 2011                                         S/ Sean F. Cox
                                                              Sean F. Cox
                                                              U. S. District Court Judge

I hereby certify that on August 8, 2011, the foregoing document was served upon counsel of record by electronic means and upon Jeanne Herrington by First Class Mail at the address below:

Jeanne Herrington
446278
Huron Valley Complex - Womens
3201 Bemis Road
Ypsilanti, MI 48197

Dated: August 8, 2011                                         S/ J. Hernandez
                                                              Case Manager